(83 South. 28)

No. 23492.

SHEXNEIDER v. SIMON RICE MILLING CO.

In re SHEXNEIDER.

(June 30, 1919. On Application for Amendment of Decree, Oct. 14, 1919.)

*(Syllabus by Editorial Staff.)*

1. PLEDGES ⟺56(6) — ON PLEDGE OF CROP WITH RIGHT TO SELL, PLEDGEE COULD NOT BUY HIMSELF.

Where plaintiff obligated himself to deliver his entire rice crop to defendant, who had made advances, defendant to have the right to sell the crop or dispose of it in the ordinary course of the market as if it were its own, and plaintiff also authorized one of defendant's employés to sell the crop, *held*, that such authority and pledge did not authorize defendant to buy the crop itself.

2. PLEDGES ⟺36 — ON INVALID SALE TO PLEDGEE HIMSELF, PLEDGOR COULD RECOVER VALUE AT SUBSEQUENT VALID SALE.

Where defendant, to which plaintiff had delivered his rice crop under an agreement authorizing defendant to sell the same, sold the crop to itself, and the notice of sale did not comply with Act No. 206 of 1906, with reference to names of the purchaser, etc., *held*, such sale being in excess of defendant's power and amounting to no sale whatsoever, plaintiff is entitled to recover the market value of his crop at the time it was actually sold.

3. PLEDGES ⟺36—MEASURE OF RECOVERY OF PLEDGOR ON INVALID SALE BY PLEDGEE.

Where defendant received for sale rice crop from plaintiff, to whom it had made advances, and without authority bought the crop itself, *held* that, where defendant so commingled plaintiff's rice with that of others that it could not show the amounts realized from plaintiff's rice, plaintiff may recover for the whole lot of the rice at the price defendant obtained for the best grade.

Certiorari to Court of Appeal, Parish of Acadia, First District.

Action by Eugene Shexneider against the Simon Rice Milling Company. A judgment for defendant was affirmed by the Court of Appeal, and plaintiff brings certiorari. Judgment of the Court of Appeal and of the district court annulled, and case remanded.

Smith & Carmouche, of Crowley, for applicant.

Gremillion & Smith, of Crowley, for respondent.

SOMMERVILLE, J. [1] The opinion of the Court of Appeal, before us for review, makes a correct statement of the law and the facts of the case, in part, as follows:

"Under his contract plaintiff obligated himself to deliver his entire crop [of rice of 1916] to defendant [the advancer and pledgor] before the maturity of his obligation; the latter being given the right thereunder to sell the crop or to dispose of it in the ordinary course of the market in the manner as if the same belonged to him. * * * The defendant made a sale thereof to itself, the price of which it applied to plaintiff's indebtedness, leaving a balance in favor of plaintiff of $27, to whom a check was mailed by defendant for that amount [February 27, 1917]. There can be no doubt that defendant company had no right to make a sale to itself under the clause in the crop lien, which authorized it to sell in the open market. It had no such power under that clause, or had it the right to do so, even accepting its contention that subsequently to the execution of the crop lien plaintiff had granted it the authority to sell, through Carver, one of its officers or employés. The authority to sell in either case could not be construed as authority to defendant to make a purchase for its own benefit. As held in Liquidators of State Nat. Bank v. Hart, 130 La. 843, 58 South. 636, such a sale operated no change in the title. * * * Whether plaintiff had, subsequent to the execution of the contract, authorized Mr. Carver to sell, there can be no question that by special provision in the contract the defendant company had the power to dispose of the crop in the open market, as there was certainly no abrogation of the authority so granted therein. As the sale which defendant made to itself [January 30, 1917], had effected no change in the ownership of the rice, which still remained in the plaintiff, defendant had therefore, under the original authority

granted to it in the crop lien, the power to make a valid sale of the rice to any other party in the open market."

The court then proceeds:

"There is no evidence whatever to show that plaintiff was intentionally misled by the defendant, or that the latter sought through motives of speculation or interest to take advantage of the situation, and, as plaintiff had defaulted in the payment of his debt, the sale which defendant made of the rice, after the date of its own ineffectual purchase, was a valid sale, and entitled plaintiff to have the proceeds realized in that sale 'attributed to his debt.' This was the measure of plaintiff's rights under the doctrine announced in Liquidators of State Nat. Bank, 130 La. 843, 58 South. 636. If defendant had acted fraudulently, in bad faith, or had been guilty of an unlawful conversion, the rights of plaintiff would be pitched on different lines, and his rights of recovery would not be restricted to the attribution of the proceeds actually received 'to his debt.' "

[2] The evidence shows that plaintiff was misled by the account sales rendered by defendant. It shows, in effect, a sale of plaintiff's property to defendant, when no such sale had really taken place. The pretended sale to itself on January 30, 1917, was not a sale. The notice of this sale was not such as was required in the law, which was referred to in the contract between the parties. It did not contain the addresses, the dates, and the names of the persons to whom the rice was said to have been sold, and it was not sent within 15 days after the alleged sale, all of which, under the provisions of Act No. 206 of 1906, p. 360, constituted a misdemeanor. Besides, the check of defendant for $27 to close the account of plaintiff was dated February 24th instead of February 27th, when the account sales was dated, and which was 30 days after the alleged sale made by defendant to itself. All of these things misled the plaintiff.

Under such circumstances plaintiff is entitled to recover the market value of the rice

at the date that it was actually sold by the defendant. Johnson v. Robbins, 20 La. Ann. 569.

[3] When plaintiff offered evidence to show the value of the rice at or prior to the time that he instituted the suit for the recovery of it the testimony was erroneously ruled out by the district judge. Some evidence along that line was introduced afterwards; but it is not sufficient upon which to base a judgment. A witness for the defendant, during the trial, promised to produce a full report of the sales of the rice, but failed to do so. While the record shows what the "fancy" rice was sold for, it does not show what the other grades of rice were worth, or how many bags were in each grade. This testimony was entirely within the keeping of defendant, and should have been produced when called for by plaintiff to be offered in evidence. The case will have to be remanded for the taking of testimony with reference to the selling price of the rice. If defendant had so mixed plaintiff's rice with that of other persons that it cannot furnish the amounts realized, it will have to pay for the whole lot at the price it sold the best grade for.

The Court of Appeal held that, plaintiff having failed to make his case for damages certain, his demand should be dismissed. Under the circumstances the ruling was erroneous.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal and of the district court for Acadia parish be annulled, and this case is remanded to the district court, to be there proceeded with in accordance with law.

On Application for Amendment of Decree.

PER CURIAM. The decree rendered herein is amended, so as to condemn the defendant to pay the costs of this court and of

the Court of Appeal. The costs of the district court are to depend upon the final judgment.

The rehearing is denied.